UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 MAY 19   AM 10: 31

CLERK

BY _____
DEPUTY CLERK

DENNIS RUSSIN,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Case No. 2:19-cv-105
                                        )
STATE OF VERMONT, MIKE TOUCHETTE,       )
GREG HALE, MATT BROUILLETTE,            )
COREY WEIKEL, and ANTONIO BOND,         )
                                        )
        Defendants.                     )

**OPINION AND ORDER**
**ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO DISMISS**
(Docs. 17 & 20)

This matter came before the court for a review of the Magistrate Judge's January

6, 2020 Report and Recommendation ("R & R") (Doc. 20), in which he recommended

the court grant the motion to dismiss Plaintiff Dennis Russin's Complaint filed by

Defendants State of Vermont, Mike Touchette, Greg Hale, Matt Brouillette, Corey

Weikel, and Antonio Bond (collectively, "Defendants") (Doc. 17). No party has filed an

objection to the R & R, and the time period to do so has expired.

Plaintiff is self-represented. Defendants are represented by Vermont Assistant

Attorney General Jared C. Bianchi.

A district judge must make a *de novo* determination of those portions of a

magistrate judge's report and recommendation to which an objection is made. Fed. R.

Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d

Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1);

*accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the

factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-one-page R & R, the Magistrate Judge carefully reviewed the factual allegations, potential causes of action, and requests for relief set forth in Plaintiff's Complaint and concluded that Defendants' motion to dismiss should be granted because Plaintiff failed to state a claim for which relief may be granted under RICO and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Fed. R. Civ. P. 12(b)(6).

With respect to Plaintiff's claims for monetary damages from the State of Vermont and the individual Defendants in their official capacities, the Magistrate Judge correctly recommended dismissal because Plaintiff's claims are barred by Eleventh Amendment sovereign immunity, which Vermont has not waived. *See* 12 V.S.A. § 5601(a). Plaintiff may therefore not sue the State or its employees acting in their official capacity in federal court unless sovereign immunity has been waived. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear[] . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.").

In reviewing Plaintiff's claim for injunctive relief, the Magistrate Judge correctly recognized that Article III limits the subject matter jurisdiction of federal courts to actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *accord Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). The Magistrate Judge recommended dismissal of Plaintiff's request for injunctive relief because Plaintiff failed to allege "a sufficient likelihood that he . . . will again be wronged in a similar way." *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012). The court

2

agrees with this conclusion but notes that to the extent Plaintiff has a pending judicial proceeding in this court, he may seek to amend his Complaint to allege the likelihood that he will suffer future harm from the handcuffing procedure and use of the black box during transport.

The Magistrate Judge further recommended that the court construe Plaintiff's claim that Defendants used excessive force as a violation of the Eighth Amendment, *see Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992), and found that Plaintiff failed to plausibly allege any personal involvement in the underlying acts by Defendant Touchette because he did not participate in the handcuffing incident or review Plaintiff's grievances. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (identifying grounds for personal involvement by supervisory personnel). Because a plaintiff must allege a "tangible connection between the acts of a defendant and the injuries suffered[,]" *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986), and mere "linkage in the prison chain of command" will not suffice, *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985), the court agrees with the Magistrate Judge's conclusion regarding Defendant Touchette.

The court declines to adopt the Magistrate Judge's further recommendation that Plaintiff's claims against Defendants Brouillette and Hale be dismissed. Courts have found personal involvement where a supervisor receives and acts on an inmate's grievance or otherwise reviews and responds to an inmate's complaint. *See, e.g.*, *Young v. Choinski*, 15 F. Supp. 3d 172, 191 (D. Conn. 2014) ("[W]hen a supervisory prison official receives a particular grievance, personally reviews it, and responds and/or takes action in response, such conduct may constitute sufficient 'personal involvement' to establish individual liability for the alleged constitutional violation."); *Ramos v. Artuz*, 2001 WL 840131, at *8 (S.D.N.Y. July 25, 2001) (finding personal liability where prison official "sent plaintiff numerous letters containing some explanation or justification concerning the issues raised by plaintiff"); *Johnson v. Bendheim*, 2001 WL 799569, at *6 (S.D.N.Y. July 13, 2001) (denying motion to dismiss as to prison official who received and denied inmates' grievances). In his Complaint, Plaintiff alleges that Defendant

3

Brouillette investigated his complaints and denied his grievance, having determined that "medical [had] seen [Plaintiff] and [he] had no injury and [he] most certainly was not near death." (Doc. 4 at 4, ¶ 30.)[1] Plaintiff further alleges that Defendant Hale reviewed his grievances, "agree[d] with [Defendant] Brouillette and [said] that medical said, '[Plaintiff] had no injury.'" *Id.* at ¶ 31. At the pleading stage, Plaintiff has plausibly alleged personal involvement by Defendants Brouillette and Hale sufficient to survive a motion to dismiss. Discovery in this matter may reveal Plaintiff's injury was *de minimis*, but this evidence was not before the court.

Dismissal of Plaintiff's Eighth Amendment claim against Defendants Weikel and Bond in their individual capacities presents this same question. An inmate asserting an Eighth Amendment excessive force claim must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (internal quotation marks omitted). While "a *de minimis* use of force will rarely suffice to state a constitutional claim[,]" *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes a *per se* Eighth Amendment violation because in such circumstances

---

[1] As an exhibit to his Complaint, Plaintiff attached a form entitled "VT DOC Grievance Form #3," dated April 11, 2019, on which Defendant Brouillette wrote:

> This facility uses and will continue to use black boxes, it ensures security with transport hardware. The van may not stop in mid-transport that is a breach of security.

> Medical looked at your wrist, there was no injury, you were certainly not near death per medical.

> No further action.

(Doc. 4-4 at 4) (capitalization omitted). The court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference[,]" any documents "integral to the complaint," and any matters of which judicial notice may be taken. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016) (internal quotation marks omitted).

"contemporary standards of decency always are violated." *Blyden*, 186 F.3d at 263 (internal quotation marks omitted).

"[W]here an inmate has alleged that an improper motive led to the use of excessive force by correctional officers, an examination of the particular circumstances surrounding the alleged misconduct may be warranted[.]" *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson*, 503 U.S. at 6). "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain . . . discipline, or maliciously and sadistically to cause harm." *Id.* at 29 (quoting *Hudson*, 503 U.S. at 6). To determine whether a defendant acted maliciously, the court examines several factors including:

> the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.

*Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Romano*, 998 F.2d at 105).

To plausibly plead an excessive force claim based upon tight handcuffing, a plaintiff must allege more than a temporary injury. *See Jackson v. City of New York*, 939 F. Supp. 2d 219, 231 (E.D.N.Y. 2013). "In the absence of any facts alleging a permanent injury as a result of this handcuffing, [a] plaintiff . . . fail[s] to state a cause of action . . . and []his claim will be dismissed." *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 270 (N.D.N.Y. 2018).

Here, Plaintiff alleges that he informed Defendant Weikel that his handcuffs were too tight and, in response, Defendant Weikel allegedly remarked that Plaintiff had "baby hands and because of that, he had to keep clicking the cuffs tighter[,]" failed to double lock the left handcuff, and then applied the black box. (Doc. 4 at 1, ¶ 1.) After requesting the officers stop the van and adjust his handcuffs, Plaintiff alleges that he heard them state "that pulling over was not going to happen and laugh[ed] like it was a joke," causing him to feel helpless and like he "almost lost control not knowing what to

5

do." *Id.* at 3, ¶¶ 18-19.  Viewed in the light most favorable to Plaintiff, these facts satisfy the subjective prong of the excessive force inquiry.  To the extent the Magistrate Judge concluded otherwise, the court declines to adopt that portion of the R & R.

Plaintiff further alleges that the left handcuff continued to tighten during the transport from Burlington to Northwest State Correctional Facility such that his "fingers and wrist were excessively numb and tingling while [his] left wrist had sharp [pinching] pain[,]" and which caused his "fingernails [to turn] black[.]"  *Id.* at 4, ¶ 20.  According to Plaintiff, Defendant Bond refused to stop the van so that Plaintiff's handcuffs could be adjusted.  Plaintiff's wrist was allegedly "black and blue for two weeks and then greenish yellow for another 2 weeks."[2]  (Doc. 4-1 at 4.)  Moreover, Plaintiff alleges that his "wrist is still injured and some days hurts very bad."  (Doc. 4 at 5, ¶ 38.)  Although the Magistrate Judge left open the question of whether "[Plaintiff's] statements could possibly suffice to state a plausible allegation that the level of force applied was more than *de minimis* in satisfaction of the objective component of the excessive force standard[,]" (Doc. 20 at 19), the court concludes that, at the pleading stage, Plaintiff has satisfied his burden of plausibly alleging a permanent, non-*de minimis* injury.  *See Davidson*, 32 F.3d at 28, 30 (concluding "the allegations in the complaint state a cause of action for recovery based on a violation of the Eighth Amendment" where "the handcuffs were allegedly placed on the plaintiff too tightly, leading to serious and permanent physical injury") (internal quotation marks and brackets omitted).

Plaintiff's remaining claims are his Eighth Amendment claims for monetary damages against Defendants Hale, Brouillette, Weikel, and Bond in their individual capacities.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the

---

[2] The affidavits of two other passengers in the van attached to Plaintiff's Complaint support these allegations.

complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). The court grants Plaintiff leave to file an Amended Complaint within twenty (20) days from the date of this Order.

If Plaintiff chooses to file an Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will take the place of the initial Complaint in all respects. For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's office for a self-represented party's informational pamphlet. Failure to file an Amended Complaint in the time period provided shall result in the dismissal of this case.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS IN PART the Magistrate Judge's R & R (Doc. 20) as the court's Opinion and Order and GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. (Doc. 17.)
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of May, 2020.

/s/ Christina Reiss

Christina Reiss, District Judge
United States District Court

7